UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA          PLAINTIFF

v.          CRIMINAL ACTION NO. 4:16CV-24-GNS
*Electronically Filed*

A 2005 ROLLS ROYCE, PHANTOM,
FOUR DOOR, SILVER IN COLOR
AUTOMOBILE, VIN SCA1S68455UX07739          DEFENDANT

DENNIS DVORIN          CLAIMANT

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR SUMMARY JUDGMENT AGAINST DENNIS DVORIN**

The United States, for its memorandum of law in support of its Motion for Summary Judgment Regarding Claim of Dennis Dvorin, states as follows:

**I. PROCEDURAL HISTORY AND FACTS.**

Around June of 2015, the United States began investigating Dennis Dvorin and others for his role in a pyramid scheme. During the investigation, the United States seized the Defendant Property (the 2005 Rolls Royce) pursuant to federal seizure warrant because it constituted proceeds of the scheme and property involved in money laundering. (DN 1-1 Verified Complaint Affidavit at PageID# 20, ¶14 and ¶35). On June 14, 2017, Dvorin was indicted in the related criminal case (*United States v. Richard Maike, et al*, Case No. 4:17CR-00012-GNS, DN 1 Indictment).

**A. The Scheme.**

Between February 2013 and September 2014, Richard G. Maike (Maike), Dennis Dvorin (Dvorin/Claimant) and others, promoted a company Infinity 2 Global (I2G) that induced around 17,000 people worldwide to invest in a sham business with a pyramid structure and defrauded investors of well-over $30 million dollars in a little over a year and a half. (*United States v. Richard Maike, et al*, Case No. 4:17CR-00012-GNS, DN 781, Dvorin Presentence Report at PageID# 11701, ¶12; DN 1-1 Verified Complaint Affidavit at PageID# 7-21).

Ninety percent of the I2G "sales" revenue came from "Emperor" membership fees ($5000) paid by people who were fraudently induced to invest so that they could share in the profits of an online casino. (*United States v. Richard Maike, et al*, Case No. 4:17CR-00012-GNS, DN 781, Dvorin Presentence Report at PageID# 11701, ¶23). There were 22,447 positions within the pyramid, with most of the commissions eventually going to the promoters at the top. (Id. at PageID# 11701, ¶13). Several individuals promoted the fraudulent pyramid scheme, including the Claimant herein, Dennis Dvorin. (DN 1-1 Verified Complaint Affidavit at PageID# 17, ¶¶27-35).

Dvorin's bank records showed deposits of $200,362.47 between November 19, 2013 and December 30, 2013, the majority of which was wired from I2G in addition to cash deposits. (Id.). Prior to those deposits, the average balance was $2000 from January of 2013. Based on bank records, Dvorin received additional commission payments from I2G in the amount of $426,448 in 2014. (Id. at PageID# 18). On or about December 31, 2013, Dvorin wire transferred $136,099 from his bank account to Automotive Management Services, Inc., an automobile dealership, to purchase the Defendant Property—the 2005 Rolls Royce Phantom. (Id.).

### B. Administrative and Judicial Civil Forfeiture Proceedings.

A federal seizure warrant was obtained for the Defendant Property, and on August 13, 2015, the Federal Bureau of Investigation (FBI) initiated administrative forfeiture proceedings against the Defendant Property and notice was sent to Dennis Dvorin and the purported lien holder James Conway. (DN 1 Verified Complaint at PageID# 2 ¶6). On September 17, 2015, Dennis Dvorin filed the only claim to the Defendant Property. (Id.). By agreement with Michael Goodwin, counsel for Mr. Dvorin, the parties agreed to extend the deadline to file the complaint until February 29, 2016. (Id.).

On February 26, 2016, the United States filed a Verified Complaint for Forfeiture (DN 1) alleging that the Defendant Property is subject to civil forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957 (money laundering); and pursuant to Title 18, United States Code, Section 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to mail and wire fraud and conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343.

After notice of this action was sent to Dvorin and the purported lien holder James Conway (DN 6 and DN 9 respectively), Dennis Dvorin filed the only claim to the defendant property and the only answer to the complaint. (DN 7 Claim; DN 8 Answer to Verified Complaint).

### C. Related Criminal Case.

On November 17, 2023, Dvorin pled guilty to Count 13 of the Second Superseding Indictment, in relation to the pyramid scheme set forth in this action. (*United States v. Richard Maike, et al*, Case No. 4:17CR-00012-GNS, DN 784 Plea Agreement). As part of his Plea

Agreement, Dvorin specifically agreed to forfeit the Defendant Property Rolls Royce (Id. at PageID# 11758, ¶15). He further agreed to execute any document to accomplish this agreement. (Id. ¶16). In November of 2023, the Court accepted the Defendant's plea of guilty and sentenced defendant to twelve (12) months imprisonment and three (3) years of supervised release. (Id., DN 789 Judgment and Commitment).

As of this date and despite being given multiple opportunities to do so, the Claimant has not executed the settlement agreement in this case and is therefore in violation of his plea agreement. As set forth below, because he agreed to forfeit the Defendant Property, he no longer has standing to defend his claim.

II. **STANDARD OF REVIEW**

In this civil forfeiture action, the United States is the Plaintiff, the Defendant Property (the Rolls Royce) is the defendant, and the Claimant (Dennis Dvorin) is an intervenor seeking to challenge the forfeiture. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules" or "Supp. R") allow the Government to challenge the standing of intervenors "[a]t any time before trial" by moving to strike the claim. *See* Supp. R. G(8)(c)(i). Although styled as a motion to strike under Supp. R. G, the motion may be presented as either a "motion for judgment on the pleadings," or a "motion to determine after a hearing, or by summary judgment" whether the claimant has standing. Supp. R. G(8)(c)(ii)(B); *see United States v. Funds in the Amount of $239,400,* 795 F.3d 639, 646 (7th Cir. 2015) (accepting that "Rule G(8)(c)(ii)(B) provides that a motion to strike may be presented ... by summary judgment whether the claimant can carry the burden of establishing standing" in reversing the District's Court's decision) (internal quotations omitted). Accordingly, pursuant to Rule G, the Government's motion is presented as a motion for summary judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot base their opposition "solely on the pleadings, but instead must set forth specific facts showing there is a genuine issue of material fact for trial." *Thomas v. Corwin*, 483 F.3d 516, 526 (8th Cir. 2007). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When "no reasonable jury could believe [a non-moving party's factual allegations] a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. CLAIMANT LACKS STANDING TO CONTEST CIVIL FORFEITURE OF THE DEFENDANT PROPERTY.

Standing is a threshold issue, and a claimant must have standing to intervene in a forfeiture action. *See United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Article III standing is a threshold question in every federal court case"). The Supreme Court's jurisprudence on Article III constitutional standing sets out three requirements which relate to injury: (1) that the claimant has suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) that the injury is fairly "trace[able] to the challenged action" and not the result of "independent action" by a "third party not before the court;" and (3) that the injury is redressable by a favorable decision from the court. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). In a forfeiture case, a claimant's Article III standing turns on whether the claimant has "a sufficient ownership interest in the property to

create a case or controversy." *One Lincoln Navigator 1998,* 328 F.3d at 1013. A claimant must show "a colorable interest in the property, redressable, at least in part, by a return of the property." *United States v. 7725 Unity Ave. N.,* 294 F.3d 954, 957 (8th Cir.2002) (citation omitted).

A claimant who has previously agreed to the forfeiture of property in a criminal plea agreement lacks Article III standing to contest civil forfeiture of the same property. *United States v. Attar*, 92 F.3d 1182 (4th Cir. 1996) (affirming summary judgment for United States enforcing terms of plea agreement in companion civil forfeiture action and ordering specific performance of plea agreement requiring defendant to sign a consent order of forfeiture in the civil case); *United States v. Real Prop. Described in Deeds Recorded at Book/Page 839/846, 639/840, 639/834, 639/827 & 610/727 Henderson Cty. Registry & Ins. Proceeds*, 962 F. Supp. 734, 737 (W.D.N.C. 1997) (defendant who agrees to forfeiture of property in plea agreement lacks standing to contest civil forfeiture).

A defendant's agreement to forfeit property in a criminal plea agreement is akin to a waiver of standing in any civil proceeding against the same property. *See Ragin v. United States*, 893 F. Supp. 570, 575 (W.D.N.C. 1995) aff'd, 106 F.3d 393 (4th Cir. 1997) ("[A]n admission that the money is forfeitable may be tantamount to an admission that [defendant] has no rights to the money"); *see also Libretti v. United States,* 516 U.S. 29 (1995) (holding a defendant may waive his right to a jury determination as to the forfeitability of his property by a plea agreement). In essence, a defendant who agrees to forfeiture of property in a criminal plea agreement voluntarily relinquishes his rights to that property. *See Libretti v. Wyoming Atty. Gen.*, 60 F. App'x 194, 197 (10th Cir. 2003) (when claimant forfeited "all known assets as prescribed in 21 U.S.C. § 853 ... up to $1,500,000" in his plea agreement, he lacked standing to

6

contest money, in possession of and forfeited by his brother, that were proceeds of the crime pled to by the claimant); *United States v. Stokes*, 191 F. App'x 441, 444 (7th Cir. 2006) (claimant lacked standing to contest administrative forfeiture when he forfeited property in plea agreement).

In the related criminal case, Dvorin specifically agreed to forfeit the Defendant Property that is subject to forfeiture in this civil action. (*United States v. Maike et.al*, Case No. 4:17CR-12-GNS, DN 784 Plea Agreement at PageID# 11758, ¶15). By agreeing to forfeit the Defendant Property, Dvorin lost any and all interest in it. Accordingly, the Dvorin does not have Article III standing and his claim must be stricken pursuant to Supp. R. G(8)(c)(ii)(B) and Fed. R. Civ. P. 56(c). Furthermore, Claimant is currently in violation of his plea agreement by not executing the settlement agreement in this case.

### IV.     CONCLUSION

As set forth above, the United States respectfully moves this Court to grant summary judgment for the United States against Dennis Dvorin because he lacks standing in this case, and for such other and further relief as this Court deems just and proper.

                Respectfully submitted,

                MICHAEL A. BENNETT
                United States Attorney

                */s/ Amy M. Sullivan*
                Amy M. Sullivan
                Assistant United States Attorney
                717 W. Broadway
                Louisville, Kentucky 40202
                (502) 582-5911

## CERTIFICATE OF SERVICE

    I hereby certify that on August 5, 2024, the foregoing was filed electronically via ECF, which will send notice the electronic filing system upon all counsel of record.

                                                */s/ Amy M. Sullivan*
                                                Amy M. Sullivan
                                                Assistant United States Attorney